# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

   v.

(1) John Anthony Markert,
(2) Gregory Paul Pederson, and
(3) George Leslie Wintz, Jr.,

       Defendants.

**ORDER**
Crim. No. 11-200 ADM/FLN

_____

William J. Otteson, Esq., and David M. Genrich, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of the Plaintiff United States of America.

Joseph S. Friedberg, Esq., Joseph S. Friedberg, Chartered, Minneapolis, MN, on behalf of Defendant John Anthony Markert.

Christopher W. Madel, Esq., and Amy E. Slusser, Esq., Robins Kaplan Miller & Ciresi LLP, Minneapolis, MN, on behalf of Defendant Gregory Paul Pederson.

_____

      This matter is before the undersigned United States District Judge for a ruling on Defendants Gregory Paul Pederson ("Pederson") and John Anthony Markert's ("Markert") Appeal [Docket No. 170] of Magistrate Judge Franklin L. Noel's February 7, 2012 Orders [Docket Nos. 168 & 169] denying Defendants' Motions to compel discovery and impose sanctions. For the reasons stated below, Defendants Pederson and Markert's Appeal is denied.

      The standard of review for an objection to a magistrate judge's order on a nondispositive issue is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F.Supp. 2d 1005, 1007 (D. Minn. 1999). The magistrate judge's order on a discovery issue will be affirmed by the district court unless the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

A decision is "clearly erroneous" when, although some evidence supports it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A decision is contrary to law when it misapplies or does not apply the relevant case law, statutes, or rules of procedure. Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008).

Judge Noel's February 7, 2012 Order is not clearly erroneous or contrary to law. In denying Defendant Markert and Pederson's Motion to Compel Discovery [Docket No. 160], Judge Noel reasoned that the emails requested by Defendants were attorney work product protected by Federal Rule of Criminal Procedure 16(a)(2). Feb. 7, 2012 Order at 1. Additionally, Judge Noel stated that the Government's "disclosure of the Memorandum of Activity is adequate to discharge its obligations under *Brady v. Maryland* and its progeny, as well as under Rule 16 of the Federal Rules of Criminal Procedure." Id. at 1–2. Because the February 7, 2012 Order committed no legal error and correctly applied relevant case law and rules of procedure, it is neither clearly erroneous nor contrary to law.

Furthermore, the February 7, 2012 Order is not clearly erroneous or contrary to law as it addresses Defendant Markert and Pederson's Motion to Impose Sanctions [Docket No. 161]. Defendants advance the same arguments in this present Appeal, but Judge Noel properly determined that sanctions were inappropriate because the Government's "work product objection [was] sustained." Feb. 7, 2012 Order at 2.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendants' Appeal [Docket No. 170] is **DENIED**; and

2.      Judge Noel's February 7, 2012 Orders [Dockets No. 160 & 161] are

**AFFIRMED**.


BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 16, 2012.