UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.

John Anthony Markert, and
George Leslie Wintz, Jr.,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 11-200 (1 & 3) ADM/FLN

___

William J. Otteson, Esq., and David M. Genrich, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff United States of America.

Joseph S. Friedberg, Esq., Joseph S. Friedberg, Chartered, Minneapolis, MN, on behalf of Defendant John Anthony Markert.

Andrew M. Luger, Esq., Greene Espel, Minneapolis, MN, on behalf of Defendant George Leslie Wintz, Jr.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant George Leslie Wintz, Jr.'s ("Wintz") Motion for a New Trial [Docket No. 268] and Renewed Motion for Judgment of Acquittal [Docket No. 269], as well as Defendant John Anthony Markert's ("Markert") Renewed Motion for Judgment of Acquittal and for a New Trial [Docket No. 270]. The Court has decided these motions on the briefings, and for the reasons set forth below, the motions are denied.

## II. BACKGROUND

On June 21, 2011, the Grand Jury returned an Indictment charging Wintz and Markert with

multiple counts of banking offenses. On December 20, 2011, a Second Superseding Indictment was returned, charging Wintz with two counts of bank fraud, five counts of aiding and abetting the misapplication of bank funds, and one count of embezzlement from an employee retirement plan. See Second Superseding Indictment [Docket No. 118]. The Indictment also charged Markert with one count of bank fraud, five counts of misapplication of bank funds, and one count of making a false statement in applying for unemployment benefits. Id.

After a lengthy jury trial in March and April 2012, the Court dismissed the false statement count against Markert. The jury deliberated on the remaining counts for several days, ultimately finding Wintz guilty of bank fraud (Counts One and Two), not guilty of aiding and abetting misapplication of bank funds (Counts Three through Seven), and guilty of embezzlement from an employee benefit plan (Count Eleven). The jury also found Markert not guilty of bank fraud (Count Two) but guilty of misapplication of bank funds (Counts Three through Seven).[1] Wintz and Markert now bring the present motions.

### III. DISCUSSION

**A. Wintz and Markert's Renewed Motions for Acquittal**

Wintz and Markert again move for acquittal on the basis that the jury verdict ran counter to the manifest weight of the evidence. Pursuant to the Federal Rules of Criminal Procedure, the court must enter a judgment of acquittal on any offense which lacks sufficient evidence for a conviction. Fed R. Crim. P. 29(a); United States v. Water, 413 F.3d 812, 816 (8th Cir. 2005). The standard for granting

---

[1] A third defendant, Gregory Anthony Pederson ("Pederson"), was indicted on bank fraud, misapplication of bank funds, and of making false statements in an unemployment benefits application. The Court also dismissed the false statement counts against Pederson, and the jury found Pederson not guilty on both the bank fraud and the misapplication of bank funds counts.

acquittal is a very strict one — a court will not grant a motion for acquittal unless "no interpretation of the evidence [] would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999); see United States v. Ellefson, 419 F.3d 859, 862 (8th Cir. 2005) ("This standard of review is very strict, and a jury verdict will not be overturned lightly.") (citation omitted). The court "views the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Espino, 317 F.3d 788, 791 (8th Cir. 2003).

**1. Wintz's Motion for Acquittal**

**a. Count One**

Wintz argues that the evidence presented at trial did not support the jury verdict finding him guilty of bank fraud as charged in Count One. He contends that the evidence failed to show he engaged in kiting checks to defraud Pinehurst Bank.

Viewing the evidence in the light most favorable to the verdict, however, sufficient evidence was offered at trial for a reasonable jury to conclude beyond a reasonable doubt that Wintz had engaged in check-kiting and thereby committed bank fraud. To prove bank fraud, the Government needed to establish that Wintz knowingly executed a scheme to defraud Pinehurst Bank, that he did so with intent to defraud, and that Pinehurst Bank was insured by the United States Federal Deposit Insurance ("FDIC"). See Jury Instructions [Docket No. 235] 23; 18 U.S.C. § 1344. The evidence presented at trial established that Wintz knowingly transferred funds between accounts at Pinehurst Bank and North Star Bank, often overdrawing his account. He wrote hundreds of checks between the FDIC-insured

banks on a routine basis, frequently using a Remote Deposit device to facilitate repeated, instantaneous transfers. Ultimately, Wintz's actions resulted in a $1.8 million overdraft at Pinehurst Bank. In 1999, Wintz had entered a corporate guilty plea to bank fraud involving a check-kiting scheme, evidence which supports the jury's finding that Wintz had the requisite intent to defraud.

To support his claim that the evidence did not support the jury verdict of guilty on Count One, Wintz cites the following evidence: (1) his longstanding practice of overdrawing his accounts and repeatedly transferring funds between different bank accounts; (2) his hand deposits of sequential checks; (3) Pinehurst Bank's past practice of covering his overdrafts; and (4) his ability to cover the overdrafts in question. All of this evidence was presented to the jury. However, taken together with the cumulative evidence presented through trial and viewed in the light most favorable to the Government, the jury verdict is supported by the evidence and will not be overturned.

### b. Count Two

Wintz also moves for acquittal on the charge of bank fraud in Count Two, arguing that the Government failed to prove he intended to defraud Pinehurst Bank by using nominee borrowers to cover the $1.8 million overdraft. The evidence at trial supported the jury verdict, demonstrating that Wintz made misrepresentations concerning the nominee loan scheme, that he utilized the money and that he was the intended ultimate borrower for these loans. Evidence at trial also showed that the nominee loan schemes enabled Wintz to circumvent Pinehurst Bank's legal lending limit, that Wintz intended to defraud the bank, and that the ultimate result of the nominee loan scheme was the defrauding of Pinehurst Bank. Wintz argues no reasonable juror could have found he engaged in a nominee loan scheme, given the nature of the borrowers and his often brazen conduct relating the loans. Given all the

evidence, however, the jury reasonably could have found Wintz guilty beyond reasonable doubt on Count Two.

### c. Count Eleven

Wintz also challenges the jury verdict on Count Eleven, contending that the trial evidence failed to establish Wintz's intent to defraud the employee benefits plan. However, the evidence at trial was that Wintz intentionally withheld employee funds from the Triangle Warehouse retirement plan, and that he knew of his duty to deposit these employee retirement funds because of a previous Department of Labor investigation. Further, trial evidence demonstrated that he misrepresented the situation to his employees by stating he was withholding the employer contribution but failing to disclose he was withholding the employees' retirement funds as well. Wintz argues the jury could not have found him guilty because the evidence showed that he was not charged in the prior Department of Labor investigation, that he repaid the amounts previously withheld from his employee plans, and that he intended to repay the plan in this case. Based on the evidence at trial, a reasonable jury could have found Wintz guilty beyond a reasonable doubt of embezzlement from an employee benefit plan.

### 2. Markert's Motion for Acquittal

Markert contends that the counts of misapplication of bank funds should be dismissed as a matter of law and that the evidence presented at trial was insufficient to support the guilty verdicts on these counts. The evidence against Markert was substantial, however, and a reasonable jury could have found him guilty on these counts. As President of Pinehurst Bank, Markert managed and conducted the nominee loan scheme which was used to obfuscate Wintz's check-kiting scheme. Markert's actions contravened the bank's legal lending limits, deceived the Board of Directors, and

included numerous misrepresentations or omissions of material facts. The evidence presented at trial was sufficient to find him guilty on Counts Three through Seven.

Markert argues that despite this evidence, he should be acquitted as a matter of law because he did not expose the bank to increased risk and did not personally benefit from the scheme. These arguments were made to the jury and were rejected. Moreover, neither personal benefit nor actual loss are necessary elements of misapplication of bank funds. United States v. Duncan, 598 F.2d 839, 858 (4th Cir. 1979) ("Actual loss need not be proved; rather, it is sufficient that the defendant at least temporarily deprive the bank of the possession, control or use of its funds.") (internal citations omitted). "The ultimate or future possibility or probability of benefit to the bank is not a defense to a misapplication of funds . . . . The offense occurred and was complete when the misapplication took place." United States v. Ness, 665 F.2d 248, 251 (8th Cir. 1981) (quoting United States v. Tidwell, 559 F.2d 262, 266 (5th Cir. 1977)). Given the state of the law and the evidence presented at trial, the jury's verdict was reasonable.

**B. Wintz and Markert's Motions for New Trial**

Wintz and Markert also move for a new trial. Motions for new trial are granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The trial court has discretion to grant or deny the motion, but "[u]nless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." United States v. Garcia, 646 F.3d 1061, 1066 (8th Cir. 2011) (quoting United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002)).

Wintz moves for a new trial for five reasons: (1) the exclusion of the April 2010 Consolidation Agreement; (2) his subsequent repayments to his employees' 401(k) plan after October 2010; (3) the

exclusion of testimony from three of Wintz's employees; (4) the admission into evidence of his corporate guilty plea on behalf of O.K. Freightways; and (5) his objections to the Court's jury instructions. Markert moves for a new trial on the grounds that this Court committed evidentiary errors, and that Jury Instructions 20 and 28 were incorrect.

All the evidentiary objections argued in by Markert and Wintz were previously raised, considered by this Court, and ultimately overruled. The Jury Instructions accurately state the law and closely follow the Eighth Circuit Model Criminal Jury Instructions. No miscarriage of justice will occur without a new trial. The Court accordingly affirms its prior rulings and will not grant a new trial on this basis.

The jury in this case carefully considered the evidence presented and applied the law as provided in the Jury Instructions. Their verdict, which parsed out individual defendants and individual counts, reflects reasonableness and makes logical sense. Moreover, both Wintz and Markert were represented by extremely skilled and highly regarded counsel who zealously advocated on their behalf. The Court is fully satisfied that both defendants were given a full, fair trial of their case.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

> 1. Defendant George Leslie Wintz, Jr.'s Motion for a New Trial [Docket No. 268] is **DENIED**; and
>
> 2. Defendant George Leslie Wintz, Jr.'s Renewed Motion for Judgment of Acquittal [Docket No. 269] is **DENIED**;

7

3. Defendant John Anthony Markert's Renewed Motion for Judgment of Acquittal and for a New Trial [Docket No. 270] is **DENIED**.

BY THE COURT:

<u>  s/Ann D. Montgomery  </u>
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 17, 2012.